IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| ANDRE E. JONES, # R-61348, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | )  Case No. 13-cv-692-MJR |
| | ) |
| VIENNA CORRECTIONAL CENTER, | ) |
| | ) |
| Defendants. | ) |

# MEMORANDUM AND ORDER

**REAGAN, District Judge:**

Plaintiff is currently incarcerated at Vienna Correctional Center ("Vienna"), where he is serving a 30-month sentence for retail theft. He has brought this *pro se* civil rights action pursuant to 42 U.S.C. § 1983, seeking redress for violations of his rights which he claims have occurred during his confinement at Vienna.

Plaintiff's entire statement of his claim is as follows:

> On April 28, "Est." Statement of Claim Statement 2013 42 U.S.C. § 241, 42 U.S.C. § 242, 42 U.S.C. § 1997, 11., 42 U.S.C. § 1990, Ch. 2 § 2.7[.]  I was sent to Vienna Correctional Center on April 28, Est 2013, to Building 19 2nd Flr Est May 13, 2013 3rd Flr Bed 26A. I'm under Imminent Danger Gross Negalence [sic] "Abestoes," [sic] Punitive Damages, Verosity, "Perpensity" [sic] Mental Anguish, Torque Claim, Criminal Malfeasance with harmful Intent Reconstruction-Era Law, My due process 14th/15th Amendments - My Crip Act Title 6 Civil Acts are violated Lances 8th Amendment.

(Doc. 1, p. 5).

In addition, Plaintiff failed to sign or date his complaint (Doc. 1, p. 6).

**Merits Review Pursuant to 28 U.S.C. § 1915A**

Under § 1915A, the Court is required to conduct a prompt threshold review of the complaint, and to dismiss any claims that are frivolous, malicious, fail to state a claim on which

relief may be granted, or seek monetary relief from an immune defendant. Plaintiff's complaint is subject to dismissal. First, he failed to sign the pleading as required by Federal Rule of Civil Procedure 11 ("Every pleading, written motion, and other paper must be signed . . . by a party personally if the party is unrepresented."). But even if the complaint had been signed, it fails to state a claim, and would not survive § 1915A review.

The Supreme Court instructs that a complaint fails to state a claim upon which relief can be granted if it does not plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). Conversely, a complaint is plausible on its face "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). Although the Court is obligated to accept factual allegations as true, *see Smith v. Peters*, 631 F.3d 418, 419 (7th Cir. 2011), some factual allegations may be so sketchy or implausible that they fail to provide sufficient notice of a plaintiff's claim. *Brooks v. Ross*, 578 F.3d 574, 581 (7th Cir. 2009). Additionally, Courts "should not accept as adequate abstract recitations of the elements of a cause of action or conclusory legal statements." *Id*. At the same time, however, the factual allegations of a pro se complaint are to be liberally construed. *See Rodriguez v. Plymouth Ambulance Serv.*, 577 F.3d 816, 821 (7th Cir. 2009).

Plaintiff's statement of claim is inadequate under this authority. It appears to the Court that Plaintiff believes he is being held in conditions that violate his constitutional rights. However, the complaint is completely devoid of intelligible factual allegations, apart from the dates of Plaintiff's housing assignments at Vienna and the suggestion that he may have been exposed to asbestos. The mishmash of legal terms and statutory references are virtually identical to several other similarly deficient complaints which have been filed in this Court by fellow

Vienna inmates. This verbiage does nothing to advance Plaintiff's claim. Instead, the bulk of Plaintiff's statement consists of inadequate and incomplete legal conclusions, which are not sufficient to state a viable constitutional cause of action. *See Brooks*, 578 F.3d 581.

Furthermore, Plaintiff does not indicate how any specific defendant (*e.g.*, an individual correctional officer) is responsible for any alleged violations of his constitutional rights. This is necessary in order to give a defendant adequate notice of the claims against him so that he may respond to the complaint. *See Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); Fed. R. Civ. P. 8(a)(2).

For the reasons above, Plaintiff's complaint is subject to dismissal. However, rather than dismiss the entire action, the Court shall allow Plaintiff one opportunity to submit an amended complaint in order to correct the deficiencies in his pleading, as detailed below.

Plaintiff is advised that as he prepares his amended complaint, instead of copying strings of nonsensical legalese from other *pro se* litigants, he should follow the instructions on the Court's civil rights complaint form. The form directs a plaintiff to state "when, where, how, and by whom" his rights were violated (Doc. 1, p. 5). In other words, he should state the facts that support his claim, noting in particular which prison employee(s) were personally involved in the alleged constitutional violation(s).

Further, Plaintiff shall note that "Vienna Correctional Center" is not an entity subject to being sued in a civil rights claim. The Supreme Court has held that "neither a State nor its officials acting in their official capacities are 'persons' under § 1983." *Will v. Mich. Dep't of State Police*, 491 U.S. 58, 71 (1989). *See also Wynn v. Southward*, 251 F.3d 588, 592 (7th Cir. 2001) (Eleventh Amendment bars suits against states in federal court for money damages); *Billman v. Ind. Dep't of Corr.*, 56 F.3d 785, 788 (7th Cir. 1995) (state Department of

Corrections is immune from suit by virtue of Eleventh Amendment). Likewise, the Vienna Correctional Center, which is a division of the Illinois Department of Corrections, is not a "person" within the meaning of the Civil Rights Act, and is not subject to a § 1983 suit. *See Will*, 491 U.S. at 71. Therefore, in preparing the amended complaint, Plaintiff is advised to name as Defendant(s) only the prison employees who were directly, personally responsible for the alleged constitutional violation(s). *See Sanville v. McCaughtry*, 266 F.3d 724, 740 (7th Cir. 2001).

**Disposition**

**IT IS HEREBY ORDERED** that Plaintiff's complaint (Doc. 1) is **DISMISSED** without prejudice for failure to state a claim upon which relief may be granted. Defendant **VIENNA CORRECTIONAL CENTER** is **DISMISSED** from this action with prejudice.

**IT IS FURTHER ORDERED** that in order to proceed with this action, Plaintiff **SHALL** submit his First Amended Complaint within 35 days of the entry of this order (on or before **September 27, 2013**). The amended complaint shall identify the individual Defendant(s) responsible for the alleged unconstitutional actions, and must be signed in compliance with Rule 11.

An amended complaint supersedes and replaces the original complaint, rendering the original complaint void. *See Flannery v. Recording Indus. Ass'n of Am.,* 354 F.3d 632, 638 n.1 (7th Cir. 2004). The Court will not accept piecemeal amendments to the original complaint. Thus, the First Amended Complaint must stand on its own, without reference to any other pleading. Should the First Amended Complaint not conform to these requirements, it shall be stricken. Plaintiff must also re-file any exhibits he wishes the Court to consider along with the First Amended Complaint. Failure to file an amended complaint may result in the dismissal of

this action with prejudice.

No service shall be ordered on any Defendant until after the Court completes its § 1915A review of the First Amended Complaint.

In order to assist Plaintiff in preparing his amended complaint, the Clerk is **DIRECTED** to mail Plaintiff a blank civil rights complaint form.

If judgment is rendered against Plaintiff, and the judgment includes the payment of costs under § 1915, Plaintiff will be required to pay the full amount of the costs, notwithstanding that his application to proceed *in forma pauperis* has been granted.  *See* 28 U.S.C. § 1915(f)(2)(A).

Plaintiff is **ADVISED** that at the time application was made under 28 U.S.C. § 1915 for leave to commence this civil action without being required to prepay fees and costs or give security for the same, the applicant and his or her attorney were deemed to have entered into a stipulation that the recovery, if any, secured in the action shall be paid to the Clerk of the Court, who shall pay therefrom all unpaid costs taxed against plaintiff and remit the balance to plaintiff.  Local Rule 3.1(c)(1).

Finally, Plaintiff is **ADVISED** that he is under a continuing obligation to keep the Clerk of Court and each opposing party informed of any change in his address; the Court will not independently investigate his whereabouts.  This shall be done in writing and not later than **7 days** after a transfer or other change in address occurs.  Failure to comply with this order will cause a delay in the transmission of court documents and may result in dismissal of this action

for want of prosecution.  *See* FED. R. CIV. P. 41(b).

**IT IS SO ORDERED.**

**DATED: August 22, 2013**

s/ MICHAEL J. REAGAN
United States District Judge
