IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| ANDRE E. JONES, # R-61348, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | )   Case No. 13-cv-692-MJR |
| | ) |
| RANDY DAVIS, | ) |
| | ) |
| Defendants. | ) |

# MEMORANDUM AND ORDER

**REAGAN, District Judge:**

This matter comes before the Court for a merits review of Plaintiff's First Amended Complaint (Doc. 9), filed on September 6, 2013. Under 28 U.S.C. § 1915A, the Court is required to conduct a prompt threshold review of the complaint, and to dismiss any claims that are frivolous, malicious, fail to state a claim on which relief may be granted, or seek monetary relief from an immune defendant.

As Plaintiff was advised in the order dismissing his original pleading, a complaint fails to state a claim upon which relief can be granted if it does not plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). Conversely, a complaint is plausible on its face "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). Although the Court is obligated to accept factual allegations as true, *see Smith v. Peters*, 631 F.3d 418, 419 (7th Cir. 2011), some factual allegations may be so sketchy or implausible that they fail to provide sufficient notice of a plaintiff's claim. *Brooks v. Ross*, 578 F.3d 574, 581 (7th Cir. 2009).

Additionally, Courts "should not accept as adequate abstract recitations of the elements of a cause of action or conclusory legal statements." *Id*. At the same time, however, the factual allegations of a pro se complaint are to be liberally construed. *See Rodriguez v. Plymouth Ambulance Serv.*, 577 F.3d 816, 821 (7th Cir. 2009).

Plaintiff's original complaint consisted of disjointed legal conclusions, coupled with a few statutory and constitutional references. The only facts he included were the dates on which he was assigned to the second floor of Building 19 at Vienna Correctional Center ("Vienna"), and later moved to the third floor.

The amended complaint incorporates the exact statement which this Court found to be insufficient to state a claim. Plaintiff makes one singular reference to "Abestoes," and claims to be under "Imminent Danger" (Doc. 9, p. 5). The only new material in the amended complaint states that:

> Vienna Correctional Center under the Immediate Direction of Randy Davis knowingly and willingly allow [sic] me to drink and Bath [sic] in contaminated water. Which he had previous – and full knowledge of the water conditions and level of contamination and purity.

(Doc. 9, p. 5).

The amended complaint does nothing to illuminate the nature of any threat Plaintiff may believe he faces due to asbestos. He includes absolutely no facts to suggest that Defendant Davis has acted, or failed to act, in such a way that places Plaintiff at serious risk to his health. Likewise, the new allegation regarding contaminated water is so sketchy and factually deficient that it amounts to nothing more than a legal conclusion. Plaintiff does not indicate that he has suffered any ill effects from bathing or drinking the supposedly contaminated water. Nor does he include any facts (such as the nature of the contamination) to suggest that this condition poses a serious and substantial risk to his health. *See Rhodes v. Chapman*, 452

U.S. 337, 347 (1981) (in order to state a claim, prison conditions must result in unquestioned and serious deprivations of basic human needs or deprive inmates of the minimal civilized measure of life's necessities); *accord Jamison-Bey v. Thieret*, 867 F.2d 1046, 1048 (7th Cir. 1989); *Meriwether v. Faulkner*, 821 F.2d 408, 416 (7th Cir. 1987).

Finally, although Plaintiff's complaint invokes the Federal Tort Claims Act ("FTCA"), 28 U.S.C. §§ 1346, 2671-2680, in addition to 28 U.S.C. § 1983, he cannot maintain a FTCA claim. The FTCA provides jurisdiction for suits against the United States regarding torts committed by federal officials, not state officials. The only named Defendant herein, Vienna Warden Randy Davis, is a state official. The same would be true of any other Vienna employee. Therefore, Plaintiff's claim does not fall within the jurisdiction of the FTCA.

Plaintiff was given an opportunity to amend his complaint, after his first pleading was found to be inadequate as well as unsigned. Even giving liberal construction to the amended complaint, it fails to meet the minimal pleading standards set out by the Supreme Court in *Twombly* and *Iqbal*. Plaintiff was advised of these guidelines in the order which granted him leave to file an amended pleading. Accordingly, the Court finds it appropriate to dismiss this action with prejudice.

**Disposition**

For the reasons stated above, this action is **DISMISSED with prejudice** for failure to state a claim upon which relief may be granted.

Plaintiff is **ADVISED** that this dismissal shall count as one of his three allotted "strikes" under the provisions of 28 U.S.C. § 1915(g). Plaintiff's obligation to pay the filing fee for this action was incurred at the time the action was filed, thus the filing fee of $350.00 remains

due and payable. *See* 28 U.S.C. § 1915(b)(1); *Lucien v. Jockisch*, 133 F.3d 464, 467 (7th Cir. 1998).

If Plaintiff wishes to appeal this dismissal, he may file a notice of appeal with this court within thirty days of the entry of judgment. FED. R. APP. P. 4(a)(4). A motion for leave to appeal *in forma pauperis* should set forth the issues Plaintiff plans to present on appeal. *See* FED. R. APP. P. 24(a)(1)(C). If Plaintiff does choose to appeal, he will be liable for the $455.00 appellate filing fee irrespective of the outcome of the appeal. *See* FED. R. APP. P. 3(e); 28 U.S.C. § 1915(e)(2); *Ammons v. Gerlinger*, 547 F.3d 724, 725-26 (7th Cir. 2008); *Sloan v. Lesza*, 181 F.3d 857, 858-59 (7th Cir. 1999); *Lucien v. Jockisch,* 133 F.3d 464, 467 (7th Cir. 1998). Moreover, if the appeal is found to be nonmeritorious, Plaintiff may also accumulate another "strike." A timely motion filed pursuant to Federal Rule of Civil Procedure 59(e) may toll the 30-day appeal deadline.

The Clerk shall **CLOSE THIS CASE** and enter judgment accordingly.

**IT IS SO ORDERED.**

**DATED: September 16, 2013**

s/ MICHAEL J. REAGAN
United States District Judge
